Ben I. Seldin and Bertha J. Seldin, Millard R. Seldin and Beverly Seldin v. Commissioner.
Seldin v. Commissioner
Docket Nos. 4213-66, 4218-66. TC order
United States Tax Court
1970 Tax Ct. Memo LEXIS 352; 29 T.C.M. (CCH) 46; January 9, 1970
FAY
Order FAY, Judge: Respondent on November 17, 1969, filed a "Motion for Reconsideration and Revision of Opinion" moving that the Court reconsider its Memorandum Findings of Fact and Opinion filed November 3, 1969 TCM 1969-233), and also moving that the Court "modify said opinion by deciding the charitable contribution issue in accord with the contention of the respondent." After consideration of that motion and reconsideration of the Court's opinion, it is ORDERED: That the Memorandum Findings of Fact and Opinion (mimeographed copy) be amended by adding the following after the second full paragraph at page 22: Relying upon section 1.170-1(c)(1) of his regulations, respondent has argued that petitioners' deductions should be limited to their cost bases. He reaches this conclusion on the grounds *353 that when the partnership bought the overall tract it sold most of the acreage at cost to related development companies. We disagree with respondent's argument on two grounds. First, if the subdivided tracts had not been donated, they would have been sold voluntarily or involuntarily to the school districts. The sales would certainly be based on the tracts' fair market values. Thus, the emphasized words in the following sentence of the regulations are inapplicable: If a donor makes a charitable contribution of, for example, stock in trade at a time when he could not reasonably have been expected to realize its usual selling price, the value of the gift is not the usual selling price but is the amount for which the quantity of merchandise contributed would have been sold by the donor at the time of the contribution. * * * Second, the regulation speaks of the amount which "the taxpayer would have received if he had sold the contributed property in the lowest usual market in which he customarily sells." [Emphasis supplied] It cannot be said in the instant case that petitioners ever engaged in any "customary" sales at cost. Those sales at cost involving most of the 270 acres, *354 the fact upon which respondent relies, occurred only because the sellers insisted upon making the sale to a single purchaser, which was the partnership. In purchasing the 270 acres en masse and reselling the acreage in parcels to various related corporations, the partnership was serving merely as a conduit. It is FURTHER ORDERED: Respondent's motion in regard to modification of the opinion concerning the charitable contribution issue "in accord with the contention of the respondent" is denied. 47